I want to take the opportunity today to see if we can streamline and reduce the issue in this case to just one proposition. I know there's a convoluted sequence of events, but I don't think most of it needs to actually be addressed. We have one proposition, and the proposition is whether the ultimate issue in this case is whether Mr. Grutter was entitled to a waiver of an untimely request for reconsideration. That's the issue. I don't believe that's an issue that can be decided today, because I think there's a procedural nuance that's a problem. So what happens is that no matter what occurred between the time he was separated from service in 2014 up until October 12th of 2018 when the OPM, Office of Personnel Management, issued its first decision, and it says you have 30 days. It was inadequate. We don't believe that you timely filed your original application. That's not an issue here today. You have 30 days from October 12th, 2018 to tell us why we're wrong. Well, the 30 days comes and goes. The record shows that there was no filing, and really nothing happens until July 22nd, 2019, when OPM spontaneously issues a letter in which it appears to give Mr. Grutter a second chance. Regardless of what happened between October 12th and July 29th at 22nd, it gives Grutter a second chance, a second chance to ask for the waiver. And if we take a look at the letter, which is at page 47 of the appendix, in the last few lines right above their address on July 22nd, they say, if you wish to send any evidence to show that you would qualify for a waiver, or it's in the alternative, the reconsideration time limits that you did remake a request. Somehow you made that request within 30 days. I'm still waiting for what the issue is in this case. The issue, okay, the issue is he responds to this letter on August 21st, 2022, within 30 days, as the administrative judge states in his opinion. And in the response, following the direction of this letter of July 22nd, he gives an explanation for the waiver, the justification for the waiver. Whatever that explanation was. Okay, do you want to give us an appendix to his response? Excuse me? What's your appendix type? Well, the July 22nd letter is at appendix 47. And then we have the August 21st response at appendix 40 to 46. Okay, thank you. And on appendix 41, in the next to the last paragraph, he asks, please review the attached exhibit, which is an exhibit of a practitioner that's been giving him some therapy, showing that Mr. Grutter qualifies for a waiver of the reconsideration time limits. That's the request for the waiver. That is the second chance that he was given by OPM. And on August 21st, he makes that request. Where's this letter again? Which appendix page? Page 41 of the appendix. So, your argument is? He makes the substantive request for the waiver. I mean, I think their position is that this explanation, requesting a waiver and the reasons for his request were insufficient. Right, understood. But we don't see that as the issue here to be decided. And the reason for that is when the OPM issues its determination on September 9th of 2019, which is on appendix 38, there's a discussion and they discuss this submission. And what they say is, well, we are dismissing your case because you didn't show that you had filed for reconsideration within the 30 days back in October of 2018. But they do not, and this is the crux of the case, they do not assess the merits of his claim for the waiver. They have discretion to grant a waiver. It's discretionary. They do not say anything about exercising its discretion to grant the waiver and the merits. They don't pay attention to it. They omit any discussion of it. Period of the story. So my point is, if OPM in the first instance does not exercise its discretion, then the board, when this case was appealed, did not have any jurisdiction to make the claim that Your Honor just stated that the claim was insufficient. Because the jurisdiction attaches only to an abuse of discretion. If there's no discretion, there's no abuse of discretion. The board should not have made a determination. Did you make this argument below to the board? I, well, yeah. Well, the argument that was made to the board, is that Mr. Guter had expressed an adequate justification for the waiver. That goes to weighing the merits. I'm really not clear on what you're presenting here as your sole argument. That the board didn't have jurisdiction because this letter of September 9th did not. Right. The letter of September 9th did not in any way assess the adequacy of Mr. Guter's claim for a waiver on the merits. It says nothing about it. Well, it says, doesn't it say? It only says that you have no proof that you submitted the reconsideration request back in October. But looking at this July letter, page 47 of the appendix, he gave him an option. They gave him another option, a second chance. Show me why you're entitled to the waiver, but OPM did not render an opinion on that. And all I'm saying is that if they don't render an opinion on that, the board didn't have jurisdiction to render an opinion on that. And it should be remanded back to OPM to render such an opinion. That's all we're asking for. Well, on top of page 39, titled their decision, it says, therefore, since you have not presented sufficient evidence to show that you are unable to file a request for reconsideration within the time limit provided, your reconsideration request is being dismissed as untimely filed. Understood. You decided it. No. Well, they say prior to that that they looked at the stuff you submitted, and then they say it's not sufficient evidence to show you are unable to file a request for reconsideration. Why isn't that decided? I understand. Untimely. The way I believe it should be read is since the only discussion had to do with the untimeliness of not filing it within 30 days of October of 2018, then you were unable to show that you filed a request within a time limit. So it doesn't say anything about the substantive merits of his request for a waiver with his report of the practitioner. It doesn't say anything about that at all. Yes, it does. Doesn't say anything about that at all. That's all I'm saying is that OPM had an... Sir, yes, it does on page 30, appendix 38. We considered this evidence. They talk about the statement of the social worker and your letter of October, the fact that you had the letter of October 1st, and then they say no, it's not sufficient. What they say is that... I didn't disagree with the conclusion. No, I understand. They decided this issue. What they say is that there's no evidence to support that a request for a reconsideration was received by OPM within 30 days from the date of our initial letter. That's the October. That's what they say. That's why they dismissed the case. Don't they say you have not presented sufficient evidence to show you are unable to file a request for reconsideration within the time limit provided? They're referring... The plain text refers to the fact that there was no submission within 30 days of the initial decision on October of 2018. That's all they opined on. So he's sending in... He's got a second chance and he's telling them, I'm entitled to a waiver because my mental health interfered with my ability to respond, but they don't opine on that at all. OPM does not opine on it at all. They don't exercise their discretion. So all I'm saying is the board doesn't have the authority to exercise any... To opine on it if OPM doesn't opine on it, because they only have authority on an abuse of discretion standard. That's it. That is our argument. Thank you. On the other side. Yes. Okay. Thank you. Good morning and may it please the court. Substantial evidence supports the MSPB's determination that OPM reasonably decided both that one, Mr. Grutter did not request reconsideration of that October 12th initial decision within 30 days from that date, which petitioner seems to concede on argument and that Mr. Grutter did not demonstrate entitlement to a waiver of that 30 deadline. Now it seems that Mr. Grutter's argument is focused on the waiver of claiming that OPM failed to consider his waiver claim, citing to appendix page 38. OPM did in fact address waiver in that decision. What sentences are we relying on at A38 and 39 for that proposition? Those are where OPM... It's in the middle of the paragraph under the discussion. OPM states in a letter dated August 21st, 2019, it indicates that Mr. Grutter submitted documents. As evidence, he submitted a letter dated October 1st, 2018, requesting a waiver for the late filing of your application and a statement from a social worker dated September 10th, 2018. Although we consider this evidence, we have concluded that both the attorney's letter and the statement by the social worker were dated prior to the issuance of the dismissal letter that you received on October 25th. So that sentence does seem to go to, just for a minute, that sentence seems to go to the idea that you didn't actually file a request for reconsideration because whatever you filed was before the decision was ever issued. That's correct, so that goes to whether... So what are you relying on for them further addressing going on from there and addressing waiver? That last sentence of the paragraph states, as of September 9th, 2019, there is still no evidence, sorry, the request for a consideration and received by OPM within 30 calendar days from the date of our dismissal letter. So essentially stating that nothing was received within that 30 days. They also, OPM states that it looked at that letter from the social worker, which was discussing Mr. Grutter's medical disabilities, and it determined that that letter was not sufficient to demonstrate that he was prevented from responding within that 30 days. Is this whole thing about whether or not they could have considered the submissions prior to the October 12th letter or whatever that letter was, is that what this whole thing comes down to? It does not. It really comes down to, one, the fact that there was no reconsideration request and it comes down to whether... That goes to the reconsideration request because if they had said, I mean, your position is we can't consider that to be a reconsideration request because it came in before and not after a reconsideration decision. And at least at one point, if not today, your friends seem to be arguing that the OPM should have considered that information. And it's part of ships crossing in the night and that that should have been considered. It appears from this decision that they continue to maintain that anything that came in beforehand was not relevant to his reconsideration request. Am I correct on that? Yes, your honor. That's correct. That letter that Mr. Grutter mailed on July... Mailed after the fact. Before the fact. I'm sorry, before the fact. The October 1st, 2018 letter that was mailed before an initial decision was even made. The relevant... Well, except... So is your position that the OPM did consider, in reaching its October 12th decision, it did consider the submissions of October 1st? No, because it... I'm sorry, the October... The October 1st submission, by its terms, was in response to the June 26th, 2018 determination by OPM, which is at Appendix 53. This is where OPM rescinded its initial decision that the application was incomplete. And it stated instead that we have determined that Mr. Grutter's initial application was, in fact, untimely, and that the OPM should have considered that information untimely. Okay, what I'm missing in this, just to cut to the chase, is on Appendix 50, which is the OPM's decision that we're fighting about here, as to whether he submitted a request, it says at the bottom of the third full paragraph, we have... As of the date of this letter, which is October 12th, we have not received an information for your legal representative or yourself showing that you were mentally incompetent to file a timely application. Had they, in writing this decision on October 12th, had they considered the submission of October 1st? They don't seem to address it or indicate that. Oh, that's right. The... Isn't that a little... I mean, if I'm right about that, okay, so that when they issued the October 12th letter, either they hadn't yet received the October 1st submission, or they hadn't opened the envelope. But either way, they didn't take it into consideration when they decided this case. So this sounds like a catch-22. We can't consider the October 1st for reconsideration, because it's too late. And we can't consider it like we have to reconsider our decision, because it was too early. So nobody ever considered the October 1st submission. They did consider the October 1st submission. OPM, that submission... Before they decided and issued this October 12th letter? Yes. That October 1st letter really only attached the letter from the director of the Vet Center, the social worker. And that was something that OPM did, in fact, look at in making the determination of waiver. And it determined that that was not sufficient. How do you know that? Okay. In the October 12th initial decision, OPM states that he had not shown that he was incompetent to file... What page are you looking at? This is appendix page 50. So the October 1st letter, it cannot be a response to October 12th, because... Okay. I've taken that off the table. My only question is whether or not this October 12th, the OPM, in making its decision dated October 12th, had reviewed the October 1st submission and was opining that that was insufficient, which I want the first waiver now. Right. So on October 12th, the only evidence of incompetency was that letter from the director of the Vet Center, which is exactly what that October 1st letter included. That was a statement by Ms. Rochelle Fortin. And again, that letter stated as... It was responding to OPM's letter dated June 26, 2018. So we understand that the court sees this as possible unfairness to Mr. Grutter, but he has had multiple opportunities to file responses... The specific question was, do we know from this record whether OPM was considering the October 1st submission when it issued its October 12th decision? So that specific question, do you have an answer to it? In that October 12th letter, it does not mention the October 1st letter. That's correct. However, in the October 12th letter, OPM gave Mr. Grutter the chance to request reconsideration of this decision within 30 days. So to the extent that Mr. Grutter believed this October 12th letter was mistaken because it did not consider his October 1st letter, he had the chance to request reconsideration within 30 days. He received that letter on October 25th. What about a rational person thinking, I sent this October 1st, this October 12th letter doesn't really deal with my submission of October 1st. They're going to still review it for him to say, okay, they should have considered this before October 12th, but now that they got it, they may have gotten it afterwards and they will consider this, the request for reconsideration. Why isn't that a reasonable assessment for them to make? I mean, how can you, the government take the position that we can't consider the October 1st submission going forward because it was submitted before October 12th, but we didn't have to consider it before October 12th? Okay. To the first statement in your point, that letter was submitted before any initial decision had even been made and understanding that the OPM could have considered it prior to that time. It did consider the substance of that October 1st letter, which was- It did when? On October 12th? Not on October 12th, but it did consider it July 22nd, 2019 when OPM, and then on September 9th, 2019, when OPM issued its final decision, which is at appendix page 38. So in that final decision, OPM did in fact look at the letter from Rochelle Fortin. It looked at- Yeah, but they didn't consider it on the merits. What they say is, this is the appendix 38, is although we considered this evidence, we have concluded that both the attorney's letter and the statement by the social worker were dated prior to the issuance of the dismissal letter that you received. So it seems like they're saying it was prior, so it didn't- They're here reviewing the request for reconsideration, and they're saying that, no, it's not going to help you out here because it was submitted prior. Am I misunderstanding what they said? No, Your Honor. That is what OPM is stating. So that's what I was talking about this patch 22. You say they can't consider it now because it was too early, but somehow it must have been too late because it was too late to be considered in the October 12th decision. We're simply stating that it was not- That October 1st letter does not take away the fact that Mr. Grutter failed to timely request reconsideration to all of these decisions. So just looking at the record, on October 12th, there was that initial decision. The October 1st letter cannot be a reconsideration request of that October 12th decision because it had not been- So what would he have had to do? If he had sent a letter in October 20th saying, hey guys, doesn't seem like when you issued this October 12th letter, you had looked at my October 1st submission. Please look at it again. Yes. That is exactly what he could have and should have done, and there is no evidence in the record that Mr. Grutter did that. He did not even respond. Could not a reasonable person have assumed that by the time the dust fell and the October 12th thing issued, OPM would have received his letter of October 1st, looked at it, and having to do something about it. The October 12th letter says we've considered all the evidence. Well, obviously that wasn't correct, right? So you're saying that's right, but he still needed to file a request for reconsideration to fix that. Yes, because a letter sent prior to an initial decision that has not even been made yet cannot be considered a response or a request for reconsideration to a decision that has not yet been made. The problem I'm having is, who's got responsibility here? If the government issues something on October 12th and it purports to have considered all the evidence, and then they get a letter two days later and they're saying, whoops, we were wrong. Were they wrong? They didn't consider all the evidence because they didn't consider the October 1st letter. So don't they have any obligation to clean that up? The obligation is otherwise entirely on Mr. Grutter to figure out what happened. Did my letter get lost? Did they actually read it beforehand? Should I submit a reconsideration? Why didn't the government just reopen the October 12th letter once they got the October 1st letter? Because per the regulatory scheme, the burden doesn't fact shift to Mr. Grutter. If he believes that OPM made an incorrect decision, which here they did not, he could have responded, and he did not until... It's not sort of incorrect decision because October 12th says we've looked at all the evidence and there was a letter updated October 1st sitting on someone's desk that had relevant evidence that should have been considered before the decision, right? Even if it's rejected, somebody should have read it, right? Yes. Somebody likely did read... Somebody did in fact read it because they mentioned the letter. And to the extent that... Wait, where did they mention the letter? Are you talking about October 12th, that they had read the letter before October 12th? In the September 9th, 2019 final decision, which was reconsidering, which was... Yeah, but that's not what I'm talking about. I'm talking about whether or not by the time OPM issued its decision on October 12th, it had considered all of the evidence of record, which they say they did, but now it appears that they really hadn't considered the October 1st letter. Even to the extent the court disagrees that OPM considered all of the evidence on October 12th, any kind of... Is that what you're saying though? No. I mean, maybe I misunderstood what you said five or 10 minutes ago. I thought you were acknowledging that it does not appear that by October 12th, the information... They didn't respond to any of the information he had submitted on October 12th. The October... Well, the October 12th question was whether he had shown that he was incompetent to file within the one-year time period. He could request reconsideration within 30 days. He did not respond until OPM reached out again and gave him a second chance to respond. My only question is when they wrote this, that he hasn't submitted sufficient information, whether that included the October 1st submission by him of the social worker letter and this. Do we know that from the record? The appendix page 50, October 12th decision does not mention the October 1st letter. That is correct. However, to the extent your honor believes that OPM made a mistake there, any remand would simply go back to whether Mr. Grutter in fact responded to that October 12th decision and whether he was prevented. He has demonstrated that he was prevented by circumstances beyond his control for making the request within that time limit, the 30 days, which here there is no record of... Or seeking a waiver of that time. Yes, correct. Seeking a waiver of that time period. And here there is no evidence of either. So even if there were a remand that would not solve anything for Mr. Grutter, the result would be the same. The last paragraph on appendix 50 says because you have failed to show you were incompetent to file, et cetera. We've been discussing that, right? Yes. Okay. Is it possible that that was a reference to the October 1st submission, but without mentioning it? That's one consideration. Or are you saying that this October 12th letter did not in any way consider the October 1st submission? Your first point, Your Honor. That statement that he has shown that he was not shown that he was incompetent to file, we believe is a reference to that October 1st letter because the only information submitted as to his competency was the letter from the director of the VA center. So that is all we have on the record. So you're saying that even though the October 12th letter does not signal out or point to the October 1st submission that included Ms. Fortin's assessment, you're saying that it's necessarily behind what is stated in the paragraph that begins because you have failed. That's correct, Your Honor. What about the sentence above that where it says, as of the date of this letter, we have not received, but it says end information, but maybe that's supposed to be any information from your representative or yourself showing you were mentally incompetent to file a timely application. That's kind of ambiguous. I'm not sure whether I should read that as suggesting that they considered the October 1st letter or they considered the material in the October 1st letter to be insufficient. I believe that indicates that OPM considered the material to be insufficient because all that was on the record by that point was, again, the letter, his VA rating, and the settlement. The other interpretation is plausible too, right? We received no information? Because it says, as of the date of this letter, we've not received information showing you were mentally incompetent. That could be, we haven't received anything. Couldn't it? It could, Your Honor. However, on April 7th, 2016, at appendix page 76, Mr. 76. Which was far before Mr. Grutter submitted the statement, the letter from Ms. Forten, his SF50, which was his separation from federal service and a summary of his VA benefits. None of these were sufficient to demonstrate that he was mentally incompetent to file his application within the timeline. I don't understand. Are we looking at appendix 76? Yes. This is a letter from his union. I think this may have even been before OPM decided that it was untimely. Yes. This had to do with the merits of his disability application. That's correct. Responding to? Yes. So this letter from Mr. Grutter's counsel is responding to, that's correct, OPM's statement that Mr. Grutter had not submitted sufficient documentation. What relevance does that have to what we're discussing here? That the only information Mr. Grutter has relied upon to demonstrate his incompetency is the exact same information that was submitted in this April 7, 2016 letter. So there is information? Yes. So there is information. Beyond the information that was submitted on October 1st? That's correct. And then there's like the Brunner presumption, is that right? The Brunner presumption, I think that applies to the actual application, which here we're not even looking at the application. So in other words, there is information that was provided and consistent with what you had said earlier. That's correct. About the September 9th letter, there is information that was in the record. Yes, that is correct, Your Honor. And going to the statement you pointed out in the previous letter, we would argue that this information on the record informs that OPM did, in fact, review that information regarding his competency. What does that have to do with whether they reviewed the letter from the nurse from VA? That social worker letter was in the April 7th materials. How do we know that? On appendix page 76, which is the letter dated April 7th, Mr. Grutter states, furthermore, I'm sorry, finally attached here too as Exhibit C is a duly executed physician's statement. But all of this submission was with respect to the merits of his disability application. This wasn't submitted in connection with the reason that OPM bumped him out, which was it was untimely. Right. Yes. And that's really the crux of all of the issues in this case, that Mr. Grutter never submitted the correct or the requested documentation within the time limit set by OPM. OPM gave him numerous opportunities to respond, and Mr. Grutter simply did not. Thank you. Thank you. I'm sorry. Oh, oh. What page am I supposed to look at to see the letter from the person who works at the vet, you know, to see that the information that was submitted on October 1st was actually submitted on April 7th? You could just give me a site. I'd appreciate it. Yes. Um, that was... I... I'm so sorry. I do not have that offhand, but I'm happy to take a look and provide you with one. Appendix 76 is the April 7th letter, and then the statement from... You're saying it's supposed to be some sort of exhibit attached to this? Yes. Is that what your implication was? Yes. I don't see it. Just so you know. Okay. Well, and the other weird thing is, if you're talking about the letter from the social worker being included in the 2016 submission, the letter in Appendix 49 looks like it was dated September 10th, 2018. So that would have been almost two years after that. Right? That's correct. So this 2018 letter could not have been attached to the 2016 submission, right? That's true. Um, yes. That is correct. So it wasn't. So it seems it was not. That's right. It seems like this 2018 letter that we've been talking about from the social worker was part of the October 1st submission, but it had not been presented to the VA before that. I'm sorry, to the OPM. To OPM. It looks like it may not have been. But again, OPM considered the rest of the information that was presented to it. And then Mr. Grutter simply did not respond in time, even though he received the letter. Ms. Meyer, I just want to make sure I understand. Is it your position that when it wrote the letter October 2nd, 2018, that OPM did or did not have the October 1st submission with the VA Vet Center letter attached? It did have that submission. That's correct. But you would acknowledge there's nothing. We don't have any date stamp or anything in the record confirming that. It's just your position based on what the October 12 letter says. Is that correct? That's correct. Thank you. Thank you. You've got four minutes remaining. Okay. I can only say, and I will only say, that Mr. Grutter gave OPM everything he could offer on the waiver issue on October 1st. And he did it again on August 21st. OPM wholly and utterly ignored his request for the waiver, did not make a decision on the merits. And I believe OPM has a responsibility to do that. And I think this court should remain at that. Mr. Grutter, I just have one question. Given the very fulsome colloquy you've heard today from the panel to government counsel, why are you saying there's no jurisdiction? We clearly died into it. I would think you would have gotten up here and said, see, see, they didn't consider it. Well, that's what I'm arguing. But why carry on this jurisdiction? Here's the concern. Here's the concern, because the merits, the administrative judge stepped in and made a decision and said that Grutter's request for a waiver was not adequate. And my point is, he has no authority to do that without a previous initial decision from OPM to exercise his discretion one way or the other. And he steps in on a, quote, abusive discretion, end quote, standard. And he had no authority to do that. That's my point. I would think he wants just to get right to the case and decide it. I understand. Well, part of the problem is some of the discussion and fairness to your counsel on the other side. Some of what we've discussed here has not been pressed in any of your arguments. Before the board or previously. So thank you. Thank you. Case is submitted.